E-FILED
Wednesday, 02 November, 2022 05:42:44 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF ILLINOIS ROCK ISLAND DIVISION**

| | |
|---|---|
| H.K. and J.C., through their father and legal guardian CLINTON FARWELL, and M.W., through her mother and legal guardian ELIZABETH WHITEHEAD, individually and on behalf of all others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE, LLC,<br><br>Defendant. | No.: 1:21-cv-01122-SLD-JEH<br><br>Chief Judge Sara Darrow |

**PLAINTIFFS' MOTION FOR REMAND AND MEMORANDUM IN SUPPORT**

## INTRODUCTION

Plaintiffs allege that Defendant Google LLC ("Google") systematically violated the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq*. ("BIPA") through the implementation of the "G Suite for Education" platform, which creates, stores, and uses "face templates" and "voiceprints" using the highly sensitive biometric and personally identifiable data of primary and secondary school children in Illinois. ECF 14, First Amended Complaint ("FAC") ¶ 5. Specifically, Google violated BIPA § 15(b) by improperly collecting, storing, and using the biometric data of millions of school children throughout the country (including Illinois) without the requisite informed consent from any of their parents or other legal guardians; and § 15(a) by "fail[ing] to provide a publicly available written policy regarding its schedule and guidelines for the retention and permanent destruction of individuals' biometrics." *Id*. at ¶ 20.

Under controlling Seventh Circuit precedent, this Court lacks jurisdiction over Plaintiffs' claim under § 15(a) of BIPA. Accordingly, the Court should sever and remand that § 15(a) claim.

## BACKGROUND

On November 19, 2020, Plaintiffs commenced this action against Google in the Circuit Court for McDonough County, Illinois. On April 20, 2021, Google removed the action to the United States District Court for the Central District of Illinois, Rock Island Division. *See* ECF No. 1.

In the operative FAC, Plaintiffs allege that "Google's failure to provide a publicly available written policy regarding its schedule and guidelines for the retention and permanent destruction of . . . childrens' biometrics . . . violates § 15(a) of the BIPA." ECF 14 at ¶ 20; *see also id.* at ¶¶ 35, 43, 61. Plaintiffs allege that Google violated "all three prongs of § 15(b) of the BIPA" by "collecting, storing, and using biometric identifiers and information from school children in Illinois without the requisite informed written consent." *Id.* at ¶ 20. On August 2, 2021, Google

unsuccessfully moved to dismiss the FAC. *See* Mot. at ECF No. 16; *see also* ECF No. 20 (3/31/2022 Order largely denying motion to dismiss).

Beginning in July 2022, the Parties began discussing the possibility of alternative dispute resolution and scheduled a mediation conference with the Honorable Stuart E. Palmer (Ret.) for September 20, 2022. The parties were unable to resolve the action through mediation, necessitating the filing of this motion.

## ARGUMENT

Before a federal court can adjudicate the merits of a case, it must satisfy itself that it has jurisdiction over the claims and parties that appear before it. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577, 119 S.Ct. 1563, 143 L.Ed.2d 760 (1999). A federal court has subject matter jurisdiction only if the plaintiff has Article III standing. *MAO-MSO Recovery II, LLC v. State Farm Mut. Auto. Ins. Co.*, 935 F.3d 573, 581 (7th Cir. 2019). Under controlling Seventh Circuit precedent, this Court lacks subject matter jurisdiction over Plaintiffs' claim under BIPA § 15(a). *See Bryant v. Compass Group USA, Inc.*, 958 F.3d 617, 626 (7th Cir. 2020).

In *Bryant*, the Seventh Circuit reversed remand of identical claims under BIPA for lack of Article III standing in that case, with the exception of Bryant's claims under § 15(a) "requiring development of a 'written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric information,' not under the provision requiring compliance with the established retention schedule and destruction guidelines." *Id*. at 626 (as amended). The Seventh Circuit in *Bryant* distinguished § 15(a) of BIPA as "requiring a duty to the public, not to particular persons whose biometric information the entity collects" as is the case with claims under § 15(b) of BIPA. *Id*. Accordingly, the Seventh Circuit determined that this aspect of § 15(a) "is not part of the informed-consent regime," and, thus, does not confer Article III standing to pursue that claim in federal court. *Id*.; *see also Fox v. Dakkota Integrated*

*Sys., LLC*, 980 F.3d 1146, 1154 (7th Cir. 2020) (reaffirming this aspect of *Bryant*, and distinguishing a claim under § 15(a) premised on the duty to "*comply with* a data-retention schedule and guidelines for the permanent destruction of biometric data," which resulted "in the unlawful retention of [plaintiff's] handprint after she left the company and the unlawful sharing of her biometric data with the third-party database administrator," as to which federal jurisdiction did exist) (italics in original).

Since *Bryant*, district courts within the Seventh Circuit have followed suit, finding they lack jurisdiction over § 15(a) claims akin to that at issue in *Bryant*. *See, e.g.*, *Kashkeesh v. Microsoft Corp.*, No. 21 C 3229, 2022 WL 2340876, at *4 (N.D. Ill. June 29, 2022) (granting motion to remand claims under BIPA ¶¶ 15(a) and 15(c)); *Woods v. FleetPride, Inc.*, No. 1:21-CV-01093, 2022 WL 900163, at *7 (N.D. Ill. Mar. 27, 2022) (severing and remanding BIPA § 15(a) claim); *Patterson v. Respondus, Inc.*, --- F.Supp.3d ----, No. 20 C 7692, 2022 WL 860946, at *27 (N.D. Ill. Mar. 23, 2022), *reconsideration denied*, No. 20 C 7692, 2022 WL 7100547 (N.D. Ill. Oct. 11, 2022) (remanding BIPA claims under §§ 15(a) and 15(c) for lack of standing); *Schaeffer v. Amazon.Com, Inc.*, No. 21-CV-01080-SPM, 2022 WL 190641, at *3 (S.D. Ill. Jan. 21, 2022) (severing and remanding claims under BIPA § 15(a) and (c)); *Kislov v. Am. Airlines, Inc.*, 566 F. Supp. 3d 909, 915 (N.D. Ill. 2021) (remanding BIPA § 15(a) claim for lack of Article III standing); *Carpenter v. McDonald's Corp.*, No. 1:21-CV-02906, 2021 WL 6752295, at *5 (N.D. Ill. Nov. 1, 2021) (remanding claims under BIPA §§ 15(a) and 15(c)); *King v. PeopleNet Corp.*, No. 21 CV 2774, 2021 WL 5006692, at *5 (N.D. Ill. Oct. 28, 2021) (severing and remanding claims under BIPA § 15(a) and (c)); *Rivera v. Google, Inc.*, No. 1:16-CV-02714, 2021 WL 3857792 (N.D. Ill. Aug. 30, 2021) (staying federal action in favor of concurrent state litigation in light of federal court's lack of jurisdiction over plaintiff's BIPA § 15(a) claim); *Marquez v.*

*Google LLC*, No. 20 C 4454, 2020 WL 6287408 (N.E. Ill. Oct. 27, 2020) (severing and remanding claim under BIPA § 15(a)); *Figueroa v. Kronos Inc.*, No. 19C1306, 2020 WL 4273995 (N.D. Ill. July 24, 2020) (same); *Stauffer v. Innovative Heights Fairview Heights, LLC*, No. 3:20-CV-00046-MAB, 2020 WL 4815960 (S.D. Ill. Aug. 19, 2020) (same).

Plaintiffs here advance the same type of § 15(a) violation as did the plaintiff in *Bryant*. *See* FAC ¶¶ 20 ("Google's *failure to provide a publicly available written policy* regarding its schedule and guidelines for the retention and permanent destruction of these childrens' biometrics also violates § 15(a) of the BIPA") (emphasis added); *see id*. at ¶ 35 ("In direct violation of § 15(a) of BIPA, Google *does not have written, publicly available policies* identifying their retention schedules, or guidelines for permanently destroying the biometric identifiers and biometric information of these children.") (emphasis added); *id.* at ¶ 43 (same); *id*. at ¶ 61 ("Google does not publicly provide a retention schedule or guidelines for permanently destroying the 'biometric identifies' and 'biometric information' of Plaintiffs or the Class members, as required by the BIPA . . . ."). The Complaint here notably does not accuse Google of "violating the full range of its section 15(a) duties," making the holding in *Fox* inapplicable to the present case.

As in *Bryant* and the authorities cited above following that binding precedent, this Court lacks jurisdiction over Plaintiffs' § 15(a) claim and should grant Plaintiffs' motion to remand.

## CONCLUSION

For the reasons discussed herein, Plaintiffs respectfully request this Court remand Plaintiffs' claim under § 15(a) of Illinois' Biometric Information Privacy Act.

Dated: November 2, 2022

Respectfully submitted,

**BURSOR & FISHER, P.A.**

By: /s/ Philip L. Fraietta

Philip L. Fraietta
Joseph I. Marchese
Joshua Arisohn
888 Seventh Avenue
New York, NY 10019
Tel: (646) 837-7150
Fax: (212) 989-9163
E-Mail: scott@bursor.com
jmarchese@bursor.com
pfraietta@bursor.com

**AHDOOT & WOLFSON, PC**
Robert Ahdoot
radhoot@ahdootwolfson.com
Tina Wolfson
twolfson@ahdootwolfson.com
Theodore Maya
tmaya@ahdootwolfson.com
Bradley K. King
bking@ahdootwolfson.com
2600 West Olive Ave., Suite 500
Burbank, CA 91505
Telephone: (310) 474-9111
Facsimile: (310) 474-8585

**HEDIN HALL LLP**
Frank S. Hedin
David W. Hall
1395 Brickell Avenue, Suite 1140
Miami, Florida 33131
Tel: (305) 357-2107
Fax: (305) 200-8801
E-mail: fhedin@hedinhall.com
dhall@hedinhall.com

**BOUGHER, KRISHER & ASSOCIATES**
Andrew John Stuckart
202 N Lafayette Street
Macomb, IL 61455
309-833-1702
Fax: 309-833-1701

Email: andrew@bougherlaw.com

**CAREY RODRIGUEZ MILIAN, LLP**
David P. Milian (Appearance Forthcoming)
dmilian@careyrodriguez.com
John C. Carey (Appearance Forthcoming)
jcarey@careyrodriguez.com
1395 Brickell Avenue, Suite 700
Miami, Florida 33131
Telephone: (305) 372-7474
Facsimile: (305) 372-7475

*Counsel for Plaintiffs and Proposed Class Counsel to the Putative Class*