IN THE UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF ILLINOIS

H.K and J.C. through their father and legal guardian Clinton Farwell, and M.W. through her mother and legal guardian Elizabeth Whitehead,

Plaintiffs,

v.

Google LLC,

Defendant.

No. 1:21-cv-01122-SLD-JEH

Honorable Jonathan E. Hawley

**GOOGLE'S OPPOSITION TO PLAINTIFFS' MOTION TO ENTER THE COURT'S MODEL PROTECTIVE ORDER**

## TABLE OF CONTENTS

**Page**

I. Introduction ........ 1

II. Background ........ 2

III. Argument ........ 5

A. Plaintiffs Did Not Comply with Section VII of the Court's Standing Order ........ 5

B. The Court Should Deny the Motion Because Plaintiffs Have Not Met and Conferred in Good Faith. ........ 7

C. The Court Should Decline to Enter the Model Order Because It Is Not Appropriate for This Case. ........ 11

IV. Conclusion ........ 14

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Grayson v. Veryzer*,
Case No. 4:20-cv-04221 (Feb. 23, 2022, C.D. Ill)....5

*Gutierrez v. Stark County*,
Case No. 1:21-cv-01258 (Aug. 17, 2022)....5

*Harper v. Cent. Wire, Inc.*,
No. 19-CV-50287, 2021 WL 4472604 (N.D. Ill. June 11, 2021)....10

*Harpold v. Ethicon Endo-Surgery, Inc.*,
No. 06-CV-1666, 2007 WL 2900554 (S.D. Ind. Oct. 2, 2007)....12

*Ibrahim v. Dep't of Homeland Sec.*,
669 F.3d 983 (9th Cir. 2012)....3

*Int'l Equip. Trading, Ltd. v. Illumina, Inc.*,
No. 17 C5010, 2019 WL 6173416 (N.D. Ill. Nov. 20, 2019)....11

*Jackson v. Macon Cnty. Sheriff's Dep't*,
No. 19-2169, 2021 WL 2834371 (C.D. Ill. June 11, 2021),
*report and recommendation adopted,* 2021 WL 2828514 (C.D. Ill. July 7, 2021)....7, 10

*Minor v. Diversified Recovery Bureau, LLC*,
Case No. 1:21-cv-01312 (July 7, 2022)....5

*Rivera, et al. v. Google LLC*,
Case No. 1:16-cv-02714 (Aug. 10, 2017, N.D. Ill.)....2, 3, 12

*W. Bend Mut. Ins. Co. v. Zurich Am. Ins. Co.*,
308 F. Supp. 3d 954 (N.D. Ill. 2018)....10

**RULES**

Fed. R. Civ. P. 26....7, 11

Fed. R. Civ. P. 26(c)(1)....1, 6, 7

Fed. R. Civ. P. 37(a)(1)....6

Local Rule 7.1(B)....6

## I. Introduction

In the midst of constructive negotiations between the parties on an agreed protective order tailored to the needs of this case, Plaintiffs—without warning—filed their Motion for Entry of the Court's Model Protective Order (the "Motion"). There is no dispute that this case will require the disclosure of Google's highly sensitive technical information, which is why the parties had been negotiating from a draft two-tiered protective order, instead of than this Court's Model Protective Order. But rather than complete the meet-and-confer process so that the parties could either jointly propose a protective order for entry by the Court, or identify the specific issues on which they are unable to reach agreement, Plaintiffs prematurely filed this Motion. To make matters worse, this motion was filed after Google agreed to Plaintiffs' request for an extension of the fact discovery cut-off. This Motion is an obvious attempt by Plaintiffs to offset their own delay in prosecuting this case by skirting the required meet-and-confer process and leaving it to this Court to resolve disputes that the parties could likely resolve on their own.

The Court should deny the Motion for several reasons: First, Plaintiffs failed to comply with Section VII of the Court's Standing Order that sets a specific procedure for bringing discovery disputes before the Court. Second, rather than engage in good faith negotiations, Plaintiffs abruptly abandoned the meet-and-confer process to issue an ultimatum over a protective order that the parties had not previously considered, failing the requirement of Rule 26(c)(1). And third, as Plaintiffs agreed as recently as May 12, 2023, this case, which involves Google's highly confidential, technical, commercial and/or trade secret information, requires protections that are stronger than the protections included in their proposed protective order.

## II. Background

Plaintiffs did not serve any discovery in this case until January 10, 2023—more than eight months after the Court entered the case schedule and just four months before the close of fact discovery. ECF No. 25; Menaldo Decl. ¶ 2. On March 13, 2023, Google served its responses to Plaintiffs' written discovery and produced over 1,400 pages of documents. Google also provided Plaintiffs with a proposed protective order modeled on a protective order Plaintiffs' counsel had previously negotiated with Google (the "Proposed Protective Order"), Menaldo Decl. Ex. 1, and a proposed protocol regarding the discovery of electronically stored information that also sought to build upon prior negotiations between Plaintiffs' counsel and Google. Menaldo Decl. ¶ 3. The Proposed Protective Order was based largely on a stipulated protective order that Google and Plaintiffs' counsel agreed to in another District Court case in Illinois arising under BIPA. *Rivera, et al. v. Google LLC*, Case No. 1:16-cv-02714, ECF Nos. 92 (Aug. 10, 2017, N.D. Ill.); Menaldo Decl. ¶ 4; Ex. 2. Although Google's proposal reflected extensive negotiations with the same Plaintiffs' counsel, including compromises from both sides, Plaintiffs responded with heavy written revisions to the Proposed Protective Order two and a half weeks later. Menaldo Decl. ¶ 5; Ex 3.

Google thereafter provided extensive comments to the Proposed Protective Order, including requests for Plaintiffs to explain in several instances why they proposed changing a provision. Menaldo Decl. ¶ 6; Ex. 4. Plaintiffs never responded in writing to these comments. Instead, a week after Google provided its comments and suggested alternative language, Plaintiffs requested a meet and confer.

On May 12, 2023, the parties held their first meet and confer on the Proposed Protective Order. *Id.* ¶ 7. The parties discussed, among other issues, whether settlement agreements and

settlement communications should be designated Confidential or Highly Confidential – Attorneys' Eyes Only, and whether the parties should follow the "commonplace" practice of allowing each other to vet the other side's experts before the experts are given access to Protected Material.[1] *Id.*; *Ibrahim v. Dep't of Homeland Sec.*, 669 F.3d 983, 999 (9th Cir. 2012). Plaintiffs made clear that they would not accept the existing language regarding experts, and counsel for Google agreed to discuss with Google if any alternative language would be acceptable. Menaldo Decl. ¶ 7. The parties only discussed about half of the Proposed Protective Order and planned to resume the meet and confer process. *Id.* ¶ 8.

At the close of that meet and confer, Google believed that the issue of settlement agreements and communications was a small one that would likely be resolved by an agreement that public settlement agreements would not be subject to a protective order and that confidential settlements and settlement communications would remain Highly Confidential – Attorneys' Eyes Only, as Plaintiffs' counsel had agreed to in the *Rivera* case. *Id.* ¶ 9; Ex. 2 at ¶¶ 3-4. On the vetting of opposing experts, Plaintiffs made clear their position was that a party's experts should not be vetted by the opposing party before receiving access to Protected Material. Menaldo Decl. ¶ 10. Google maintained that some form of vetting was necessary, for example, to prevent the disclosure of Google's confidential information to experts who also work for, or have relationships with Google's competitors, but expressed its willingness to continue negotiating and its openness to considering Plaintiffs' proposals to modify the language regarding the vetting of experts, for example, to include a temporal limitation on the rejection of a proposed expert

[1] For this motion, Google will use the term "Protected Material" to mean any material subject to a protective order, regardless of the material's level of designation.

based on prior employment with a competitor of Google. Menaldo Decl. ¶ 11. Plaintiffs agreed to send Google a compromise proposal on the vetting of experts. Menaldo Decl. ¶ 13.

On May 10, 2023, Plaintiffs asked Google to agree to a 120-day extension of the case schedule. *Id.* ¶ 14; Ex. 5 at 5. On May 16, 2023, Google responded that it would agree to a 60-day extension, but Plaintiffs then asked for a 90-day extension on May 17, 2023. Ex. 5 at 1-2. In a sign of good faith, Google agreed to Plaintiffs' request for a 90-day extension on May 18, 2023. Ex. 5 at 1. On May 22, 2023, Plaintiffs filed a Joint Motion to extend the case schedule. ECF No. 34.

The parties resumed their meet and confer regarding the protective order on May 23, 2023. *Id.* ¶ 15. During that call, Plaintiffs, for the first time, stated that they would move for entry of the Court's model protective order (the "Model Order") unless Google agreed to Plaintiffs' positions that settlement agreements and communications could not be designated with the greatest level of protection, and that the parties not be allowed to vet opposing experts. *Id.* In other words, Plaintiffs gave Google an ultimatum—agree to Plaintiffs' proposed changes to the Proposed Protective Order, or Plaintiffs would forego negotiations on those provisions and move for entry of the Model Order. It was not clear whether Plaintiffs intended to seek entry of the Model Order as a whole or would seek entry of the Model Order's language (or lack of language) as to those provisions. *Id.* ¶ 16. The parties agreed to meet and confer further. *Id.*

The next day, on May 24, Google asked Plaintiffs to continue "discussing ***the PO*** and ESI agreement." *Id.* ¶ 18; Ex. 6 at 2. (emphasis added). Plaintiffs responded the following afternoon that the parties had "reached an impasse on the protective order" even though Google had not yet responded regarding the issues in dispute and half of the protective order remained

undiscussed. Ex. 6 at 1. The next day, on May 26, without notice, and on the Friday before Memorial Day weekend, Plaintiffs filed the Motion. ECF No. 35.

## III. Argument

### A. Plaintiffs Did Not Comply with Section VII of the Court's Standing Order.

As an initial matter, the Court should strike the Motion because Plaintiffs failed to comply with Section VII of the Standing Order. Section VII governs discovery disputes and sets forth a specific procedure for the parties to follow. Standing Order § VII. First, the parties are required to confer on the dispute. *Id.* § VII(1). Following conferral, the party raising the dispute shall file a "Motion for Hearing Concerning Discovery Dispute" that certifies the parties have conferred but does not include any argument or the nature of the dispute. *Id.* § VII(2). The Court will then hold a telephone conference with the parties without written submissions. *Id.* § VII(3). Only after this conference will the Court decide whether to grant the parties permission to file briefing and set a schedule if necessary. *Id.* § VII(4).

The Standing Order warns that the Court will strike any discovery motion filed without following this procedure, *id.* § VII, and this Court routinely follows through, *see, e.g.*, *Gutierrez v. Stark County*, 1:21-cv-01258, Text Order re ECF No. 23 (Aug. 17, 2022) (striking discovery motion because the movant "failed to comply with the undersigned's Standing Order . . . Section VII"); *Minor v. Diversified Recovery Bureau, LLC*, 1:21-cv-01312, Text Order re ECF No. 10 (July 7, 2022) (striking motion because the motion "failed to comply with the undersigned's Standing Order in Civil Cases, specifically Section VII"); *Grayson v. Veryzer*, 4:20-cv-04221, Text Order (Feb. 23, 2022, C.D. Ill) (striking motion because "[t]he Motion fails to comply with Magistrate Judge Hawley's Standing Order Section VII, paragraph (2)").

Plaintiffs did not follow any of these procedures. First, the Motion undoubtedly brings a "discovery dispute" before the Court—the Model Order by its own terms governs the "dissemination of documents produced in discovery." ECF No. 35-1 at 1. Second, as discussed further below, Plaintiffs did not confer on the dispute in good faith, but rather, gave Google an ultimatum, and when Google did not immediately capitulate (in part because counsel needed to confer with their client), unilaterally declared an impasse and filed this Motion. *See* Standing Order § VII(1); *see also* Fed. R. Civ. P. 26(c)(1) (requiring a good faith conference between the parties in an effort to resolve a discovery dispute before moving for a protective order); Fed. R. Civ. P. 37(a)(1) (similar). Third, Plaintiffs did not first file a Motion for a Hearing Concerning Discovery Dispute or receive permission from the Court to make a written submission. Standing Order §§ VII(2)-(4).

This failure cannot be waved away as a mere technicality. Section VII conserves judicial and party resources by allowing the Court to resolve issues prior to briefing or to order an appropriate manner and schedule of briefing. Here, this dispute is not ripe because the parties ***have not even finished meeting and conferring regarding the entire Proposed Protective Order.*** Menaldo Decl. ¶¶ 8, 13, 16; Ex. 6 at 2. Had Plaintiffs complied with the Section VII, Google would have been able to explain to the Court that the parties were still in the process of meeting and conferring, and any motion practice would be premature. And even if this dispute were ripe, litigation over a confidentiality order is impractical under the standard motion-and-opposition procedure laid out in Local Rule 7.1(B) because the parties will submit competing protective orders for the Court's consideration. If the parties had to litigate competing protective orders under Local Rule 7.1(B), then they would need to file cross-motions and cross-oppositions for each to bring their proposed protective orders before the Court. Had the parties

come before the Court for a conference, the Court could have ordered the parties to make a joint submission, so that it would only need to consider a single submission instead of four separate submissions—a far more efficient way to brief this matter.

Accordingly, the Court should strike the Motion for failure to comply with Section VII of the Standing Order.

**B. The Court Should Deny the Motion Because Plaintiffs Have Not Met and Conferred in Good Faith.**

Even if the Court finds that Section VII does not apply here, it should deny the Motion because the parties have not completed the meet and confer process. Rule 26 requires that the party moving for entry of a protective order certify that they have "in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Fed. R. Civ. P. 26(c)(1). "A good faith effort to resolve a discovery dispute requires that counsel converse, confer, compare views, consult and deliberate." *Jackson v. Macon Cnty. Sheriff's Dep't*, No. 19-2169, 2021 WL 2834371, at *2 (C.D. Ill. June 11, 2021) (quotations and citation omitted), *report and recommendation adopted*, 2021 WL 2828514 (C.D. Ill. July 7, 2021). "The requirement to meet-and-confer must be taken seriously, as before the court can rule on a motion, the parties must demonstrate they acted in good faith to resolve the issue among themselves." *Id.* (quotations and citation omitted).

Plaintiffs badly misconstrue the parties' negotiations. Mot. at 2. The parties have not conferred about the entirety of the Proposed Protective Order and have not substantively discussed the Model Order at all. Menaldo Decl. ¶¶ 7, 15, 16, 17. The parties' email correspondence and May 12 conference covered only about ***half*** of the Proposed Protective Order. Menaldo Decl. ¶ 8; Exs. 1, 3, 4. During the May 23 conference, which lasted about 30 minutes, Plaintiffs abandoned their earlier positions on the Proposed Protective Order and

demanded that Google accept their positions on the designation of settlement agreements and communications and on the requirements before disclosing protected material to experts, or else Plaintiffs would move for entry of the Model Order. Menaldo Decl. ¶ 15, 17. This was the first time that either party raised the Model Order for consideration. *Id.* ¶ 17. The parties did not discuss the Model Order other than to note that it aligned more closely with Plaintiffs' positions on the designation of settlement agreements and communications and on the disclosure of Protected Material to experts and that it did not include provisions where the parties had previously reached agreement. *Id.* Plaintiffs filed the Motion three days later, *after* Google had indicated via email that it believed negotiations on the Proposed Protective Order to remain active. Ex. 6.

Plaintiffs' May 23 ultimatum threw out all the provisions for which the parties had reached agreement but which are not included in the Model Order. For example, during the May 12 conference, Plaintiffs did not object to including a heightened tier of protection for highly sensitive material to be designated Highly Confidential – Attorneys' Eyes Only, but the Model Order only allows for one tier of protection for all discovery material. Menaldo Decl. ¶ 12; Ex. 4 at 3-4; ECF No. 35-1 § 1. Neither party disputed that deposition testimony, as a matter of course, would be subject to the Proposed Protective Order. *See* Menaldo Decl. ¶ 12; *see generally* Ex. 4. The Model Order, though, explicitly exempts deposition testimony from its protections unless the parties meet and confer, and then move the Court. ECF No. 35-1 § 1(c). Plaintiffs requested—and Google agreed—that the Proposed Protective Order should allow for the disclosure of Protected Material to contract attorneys, trial and jury consultants, graphics consultants, and a mediator, arbitrator, or special master. Menaldo Decl. ¶ 12; Ex. 4 at 7, 10. But the Model Order contains no similar provision. The Proposed Protective Order would require

nonparties who receive Protected Material to execute an agreement acknowledging that they are bound by the Proposed Protective Order and submitting to the jurisdiction of this Court. *See, e.g.*, Ex. 4 at 7-10. The Model Order only requires that nonparties be "inform[ed]" that Protected Material is subject to the Model Order. ECF No. 35-1 § 2(b). Plaintiffs are trying to hold these provisions hostage to force Google to capitulate on other issues.

Plaintiffs' argument that Google can simply follow the procedures of § 2(d) of the Model Order to add greater protections, Mot. at 3, is both impractical and inefficient. Section 2(d) provides that if a party wishes to further limit the disclosure of its Protected Material, it may, after conferral with the opposing party, file a motion. ECF No. 35-1 § 2(d). In other words, Plaintiffs propose that Google confer with Plaintiffs and file a motion every time it seeks to further limit the disclosure of its Protected Material. Such an approach is extremely burdensome and inefficient in a case like this, which undoubtedly implicates highly technical and sensitive information. This is just yet another attempt by Plaintiff to avoid meeting and conferring with Google on a protective order that makes sense for this case, even if it means more work for Google and the Court later when the inevitable need arises for Google to seek to protect its highly technical and sensitive information not afforded adequate protection by the Model Order. But Plaintiffs' apparent urgency brought on by their delay in pursuing discovery in this case is not the fault of Google or this Court and is not grounds for imposing an unworkable and cumbersome procedure rather than engaging in good faith negotiations to enter a fair and reasonable, mutually agreed upon one.

Plaintiffs' failure to meet and confer in good faith also undercuts their argument that Google is improperly withholding discovery. To the contrary, the record indicates that it is Plaintiffs who sat on their hands from May 2022 until January 2023. They chose not to serve

discovery until January 2023 when fact discovery was nearing its close. Google has always agreed to supplement its responses to Plaintiffs' interrogatories and produce confidential documents once a protective order is entered. It cannot be faulted for protecting its confidential materials while negotiating the Proposed Protective Order in good faith—especially where Plaintiffs are the cause of any delay.

The *Jackson* case is on point. There, the plaintiff told the defendant that unless the defendant accepted the plaintiff's position in total, the plaintiff would move to compel. 2021 WL 2834371, at *2. After the defendant attempted to continue the meet and confer process, the plaintiff responded that the defendant's "argument was 'untenable' and that 'it is obvious that we will not be able to resolve this issue absent court intervention.'" *Id.* The court found that the plaintiff did "not satisfy that simple (and quite low) standard" required to meet and confer in good faith. *Id.* at *3; *see also Harper v. Cent. Wire, Inc.*, No. 19-CV-50287, 2021 WL 4472604, at *1 (N.D. Ill. June 11, 2021) ("During these calls, it appears Plaintiff failed to identify any specific issues with the supplemental responses and did nothing more than cling to the position it began with. Stated another way, Plaintiff failed [to meet and confer in good faith]."); *W. Bend Mut. Ins. Co. v. Zurich Am. Ins. Co.*, 308 F. Supp. 3d 954, 958–59 (N.D. Ill. 2018) ("Chatting for a bit about a dispute and maintaining an untenable position at worst or a tenuous position at best, is not engaging in a good faith meet and confer."). Just so here. After weeks of negotiations, Plaintiffs adopted an entirely new position, refused to compromise, took hostage several agreed upon and noncontroversial issues, and brought the Motion without any meaningful conferral.

The Court should deny the Motion and order Plaintiffs to engage in good faith negotiations on an appropriate protective order.

**C. The Court Should Decline to Enter the Model Order Because It Is Not Appropriate for This Case.[2]**

If the Court is inclined to entertain the Motion on its merits, then the Court should deny the Motion and reject the Model Order for this case. Rule 26 provides that "for good cause shown, the court . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way." Courts recognize that "[d]iscovery of confidential business information, trade secrets, or technical specifications deserves care . . . ." *Int'l Equip. Trading, Ltd. v. Illumina, Inc.*, No. 17 C5010, 2019 WL 6173416, at *1 (N.D. Ill. Nov. 20, 2019).

Good cause exists to enter a protective order with stronger protections than the Model Order. This case involves Google's highly confidential, proprietary and trade secret technology and commercial information. Unsurprisingly, Plaintiffs' discovery requests seek documents and information that will expose those technologies and information to Plaintiffs' counsel. *See, e.g.*, Ex. 7, Pls.' Interrog. Nos. 23 ("State all the ways in which You use, generate, store or derive biometric information and/or biometric identifiers, and the corresponding Face Templates or Face Embeddings in Your Face Template Database."), 24 ("State all the ways in which You use, generate, store or derive biometric information and/or biometric identifiers, and the corresponding Voice Templates or Voice Embeddings in Your Voice Template Database."); *see also, e.g.*, Ex. 8, Pls.' Requests for Prod. Nos. 3 ("All Documents and Communications

---

[2] If the Court is inclined to consider the merits of a protective order at this time, Google respectfully requests the opportunity to fully brief the issue.

concerning your generation, collection, capture, derivation, storage, and use of Face Templates, Face Embeddings or Face Template Databases related to G Suite for Education."), 39 ("All Documents relating to the deletion, destruction, damage, overwriting, disposition, or loss of any Voice Templates or Voice Embeddings collected from recordings uploaded by Plaintiffs or any other Illinois Users to G Suite for Education."); 40 ("All Documents identifying the manner in which You have secured information collected through Your Illinois Users' use of G Suite for Education at any time during the Relevant Time Period."). While Google will, subject to its objections, provide Plaintiffs' counsel with appropriate supplemental responses and non-privileged documents located after a reasonable search that are responsive to these requests, broader disclosure of Google's responses and document production to the public or Google's competitors would cause Google significant competitive harm. Entry of a robust protective order is warranted in this case.

That the Model Order is not appropriate here is not controversial. Many districts have model protective orders that are specifically designed for litigation involving highly technical matters, such as patents, and that provide much stronger protections than the Model Order. *See, e.g.,* Exs. 9 (N.D. Ill.), 10 (N.D. Cal.), 11 (S.D. Cal.), 12 (N.D.N.Y.), 13 (N.D. Tex.), 14 (W.D. Pa.). Plaintiffs themselves agreed to stronger protections than the Model Order as recently as May 12, 2023. *See* above at 8-9 (listing areas where the parties had reached agreement that are not included in the Model Order). Moreover, in another BIPA case between Google and these plaintiffs' counsel, counsel agreed to a protective order far stronger than the Model Order. *See* Menaldo Decl. Ex. 2.

One example where the Model Order falls short is that it does not require nonparties who access Protected Material to agree to be bound by it and to submit to the jurisdiction of the

Court. These sorts of requirements for nonparties are "a reasonable means of ensuring that the Defendant's confidential information is maintained as such," *Harpold v. Ethicon Endo-Surgery, Inc*., No. 06-CV-1666, 2007 WL 2900554, at *1 (S.D. Ind. Oct. 2, 2007), and have been adopted in model orders from numerous district courts. *See, e.g.,* Menaldo Decl. Exs. 9 at 9-10 (N.D. Ill.), 10 at 20 (N.D. Cal), 12 at 8-9 (N.D.N.Y.), 13 at 9-10 (N.D. Tex.). The Model Order, though, would only require that the party disclosing Protected Material to a nonparty inform the nonparty that further disclosure by them is subject to the Model Order. ECF No. 35-1 § 2(c). That is not sufficient to adequately protect Google's confidential, proprietary and/or trade secret information from disclosures that could cause serious competitive harm.

As another example, the Model Order explicitly exempts deposition testimony from its protections unless the parties confer and then move the Court for an order protecting deposition testimony. As evidenced by Plaintiffs' written discovery requests, they will certainly seek deposition testimony that concerns Google's highly confidential technical and commercial information. Just as there is good cause for confidential documents to be protected from disclosures without court intervention, so too is there good cause for deposition testimony to be designated without court intervention. Adopting the Model Order would only create more work for the parties and the Court because Google will be forced to litigate whether deposition testimony concerning highly confidential subject matters or trade secrets should be protected from disclosure.

The reasons that the Model Order is inappropriate for this case are numerous and noncontroversial. *See above* at 8-9 (listing areas where the parties had previously agreed to protections stronger than those in the Model Order). If the Court considers the Motion on the

merits, then it should deny it and enter an order stating that the Model Order is inappropriate for this case.

## IV. Conclusion

For the reasons expressed above, Google respectfully requests that the Court deny the Motion.

By: */s/ Nicola C. Menaldo*
One of Their Attorneys

Bobbie J. Wilson, Bar No. 148317
BWilson@perkinscoie.com
Sunita Bali, Bar No. 274108
SBali@perkinscoie.com
Samuel Wilson, Bar No. 301086
SWilson@perkinscoie.com
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, California 94105
Telephone: +1.415.344.7000

Nicola C. Menaldo, Bar No. 44459
NMenaldo@perkinscoie.com
Madeline Swan, Bar No. 56355
MSwan@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: +1.206.359.8000

Dated: June 9, 2023