IN THE UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| H.K and J.C. through their father and legal guardian Clinton Farwell, and M.W. through her mother and legal guardian Elizabeth Whitehead,<br><br>Plaintiffs,<br><br>v.<br><br>Google LLC,<br><br>Defendant. | No. 1:21-cv-01122-SLD-JEH<br><br>Honorable Jonathan E. Hawley |

**DECLARATION OF NICOLA MENALDO IN SUPPORT OF GOOGLE'S OPPOSITION TO PLAINTIFFS' MOTION TO ENTER THE COURT'S MODEL PROTECTIVE ORDER**

I, Nicola Menaldo, declare as follows:

1. I am an attorney licensed to practice in the State of Washington and have been admitted to practice before this Court. I am a partner at Perkins Coie LLP, and outside counsel to defendant Google LLC. I make this declaration in support of Google's Opposition to Plaintiffs' Motion for Entry the Court's Model Protective Order in the above-captioned litigation. I have personal knowledge of the facts stated in this declaration and, if called as a witness, could and would testify competently to those facts.

2. On January 10, 2023, Plaintiffs served their first set of discovery requests on Google in the above-captioned litigation.

3. On March 13, 2023, Google served timely responses to Plaintiffs' first set of discovery requests, produced over 1400 pages of documents, and provided a proposed protective order ("the Proposed Protective Order"), and a proposed protocol regarding the discovery of

electronically stored information. A true and correct copy of the Proposed Protective Order that Google sent to Plaintiffs on March 13, 2023 is attached as **Exhibit 1.**

4. The Proposed Protective Order was based largely on the protective order and protocol regarding the discovery of electronically stored information that Plaintiffs' counsel had agreed to in another litigation involving the Illinois Biometric Information Privacy Act, *Rivera et al. v. Google LLC*, Case No. 1:16-cv-02714, ECF Nos. 92 (Aug. 10, 2017, N.D. Ill.). A true and correct copy of the protective order entered in the *Rivera* case is attached as **Exhibit 2**.

5. On March 30, 2023, Plaintiffs responded to the Proposed Protective Order with written revisions. A true and correct copy of these revisions is attached as **Exhibit 3**.

6. On April 27, 2023, Google responded in writing to Plaintiffs' revisions to the Proposed Protective Order. A true and correct copy of Google's response is attached as **Exhibit 4**.

7. On May 12, 2023, the parties held their first meet and confer on the Proposed Protective Order. The parties discussed, among other issues, whether settlement agreements and settlement communications should be designated Confidential or Highly Confidential – Attorneys' Eyes Only, and whether the parties should follow the practice of allowing each other to vet the other side's experts before the experts are given access to Protected Material.[1] Plaintiffs made clear that they would not accept the existing language regarding experts, and counsel for Google agreed to discuss with Google if any alternative language would be acceptable.

8. The parties only discussed about half of the Proposed Protective Order, and planned to resume the meet and confer process.

9. At the close of that meet and confer, Google believed that the issue of settlement agreements and communications was a small one that would likely be resolved by an agreement

---

[1] For this declaration, I will use the term "Protected Material" to mean any material subject to a protective order, regardless of the material's level of designation.

that public settlement agreements would not be subject to a protective order and that confidential settlements and settlement communications would remain Highly Confidential – Attorneys' Eyes Only, as Plaintiffs' counsel had agreed to in the *Rivera* case.

10. On the vetting of opposing experts, Plaintiffs made clear their position was that a party's experts should only be required to sign an agreement to be bound by the protective order before receiving access to protected material.

11. Google maintained that some form of vetting was necessary, for example, to prevent the disclosure of Google's confidential information to experts who work for, or have relationships with Google's competitors, but expressed its willingness to continue negotiating and its openness to considering Plaintiffs' proposal to modify the language regarding the vetting of experts, for example, to include a temporal limitation on the rejection of a proposed expert based on prior employment with a competitor of Google.

12. There were several areas where the parties found agreement. Plaintiffs did not object to including a heightened tier of protection for highly sensitive material to be designated Highly Confidential – Attorneys' Eyes Only. Neither party disputed that deposition testimony, as a matter of course, would be subject to the Proposed Protective Order. Plaintiffs requested—and Google agreed—that the Proposed Protective Order should allow for the disclosure of Protected Material to contract attorneys, trial and jury consultants, graphics consultants, and a mediator, arbitrator, or special master.

13. Plaintiffs' counsel agreed to send Google a compromise proposal on the issue of vetting of opposing experts.

14. A true and correct copy of the email correspondence, dated between May 10 and May 18, 2023, between counsels for Plaintiffs' and Google regarding Plaintiffs' request for an extension of the case schedule is attached as **Exhibit 5**.

15. On May 23, 2023, the parties resumed their meet and confer regarding the protective order. During that call, Plaintiffs for the first time stated that they would move for entry of the Court's model protective order (the "Model Order") unless Google agreed to Plaintiffs' positions that settlement agreements and communications could not be designated as with the greatest level of protection, and that the parties not be allowed to vet opposing experts.

16. It was not clear whether Plaintiffs intended to seek entry of the Model Order as a whole, or would seek entry of the Model Order's language (or lack of language) as to those provisions. The parties agreed to meet and confer further.

17. The May 23, 2023 conference, which lasted about 30 minutes, was the first time that either party raised the Model Order for consideration. The parties did not discuss the Model Order other than to note that it aligned more closely with Plaintiffs' positions on the designation of settlement agreements and communications and on the disclosure of Protected Material to experts and that it did not include provisions where the parties had previously reached agreement.

18. A true and correct copy of email correspondence dated May 24 and May 25, 2023 between counsels for Plaintiffs' and Google is attached as **Exhibit 6**.

19. A true and correct excerpt of a copy of Plaintiffs' Interrogatories to Google, served on January 10, 2023, is attached as **Exhibit 7.**

20. A true and correct excerpt of a copy of Plaintiffs' Requests for Production to Google, served on January 10, 2023, is attached as **Exhibit 8.**

21. A true and correct excerpt of a copy of the Model Protective Order provided for by the Local Patent Rules of the United States District Court for the Northern District of Illinois is attached as **Exhibit 9**.

22. A true and correct excerpt of a copy of the Model Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets for the United States District Court for the Northern District of California is attached as **Exhibit 10**.

23. A true and correct excerpt of a copy of the Model Protective Order for the United States District Court for the Southern District of California is attached as **Exhibit 11**.

24. A true and correct excerpt of a copy of the Model Protective Order for patent cases for the United States District Court for the Northern District of New York is attached as **Exhibit 12**.

25. A true and correct excerpt of a copy of the Model Protective Order for patent cases in the United States District Court for the Northern District of Texas is attached as **Exhibit 13**.

26. A true and correct excerpt of a copy of the Model Protective Order provided for by the Local Patent Rules for the United States District Court for the Western District of Pennsylvania is attached as **Exhibit 14**.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 9th day of June, 2023, at Seattle, Washington.

By */s/ Nicola C. Menaldo*
Nicola C. Menaldo