# Exhibit 9

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **_____________________________,** | **)** | |
| | **)** | |
| **Plaintiff[s],** | **)** | |
| | **)** | |
| **vs.** | **)** | **Case No. _________** |
| | **)** | |
| **_____________________________,** | **)** | |
| | **)** | |
| **Defendant[s].** | **)** | |

**PROTECTIVE ORDER**

The Court enters the following protective order pursuant to Federal Rule of Civil Procedure 26(c)(1).

1. Findings: The Court finds that the parties to this case may request or produce information involving trade secrets or confidential research and development or commercial information, the disclosure of which is likely to cause harm to the party producing such information.

2. Definitions:

a. “Party” means a named party in this case. “Person” means an individual or an entity. “Producer” means a person who produces information via the discovery process in this case. “Recipient” means a person who receives information via the discovery process in this case.

b. “Confidential” information is information concerning a person’s business operations, processes, and technical and development information within the scope of Rule

responsibility for the preparation or submission of any United States Food and Drug Administration ("FDA") documents (including but not limited to Citizen Petitions), or any similar documents in any foreign country, regarding approval requirements relating to the drug or biologic, except where such correspondence is regarding the recipient's own pending drug or biologic approval application.

d. Absent written permission from the producer or further order by the Court, the recipient may not disclose Highly Confidential information to any person other than those identified in paragraph 4(b)( i), (iv), (v), and (vi).

e. A party may not disclose Confidential or Highly Confidential information to an expert or consultant pursuant to paragraph 4(b) or 4(d) of this order until after the expert or consultant has signed an undertaking in the form of Appendix 1 to this Order. The party obtaining the undertaking must serve it on all other parties within ten days after its execution. At least ten days before the first disclosure of Confidential or Highly Confidential information to an expert or consultant (or member of their staff), the party proposing to make the disclosure must serve the producer with a written identification of the expert or consultant and a copy of his or her curriculum vitae. If the producer has good cause to object to the disclosure (which does not include challenging the qualifications of the expert or consultant), it must serve the party proposing to make the disclosure with a written objection within ten days after service of the identification. Unless the parties resolve the dispute within ten days after service of the objection, the producer must move the Court promptly for a ruling, and the Confidential or Highly Confidential information may not be disclosed to the expert or consultant without the Court's approval.