# Exhibit 12

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

Civ. Action No.

Plaintiff,

v.

Defendant.

CONFIDENTIALITY ORDER

The Court enters the following protective order pursuant to Federal Rule of Civil Procedure 26(c)(1).

1. Findings: The Court finds that the parties to this case may request or produce information involving trade secrets or confidential research and development or commercial information, the disclosure of which is likely to cause harm to the party producing such information.

2. Definitions:

a) "Party" means a named party in this case. "Person" means an individual or an entity. "Producer" means a person who produces information via the discovery process in this case. "Recipient" means a person who receives information via the discovery process in this case.

b) "Confidential" information is information concerning a person's business operations, processes, and technical and development information within the scope of Rule 26(c)(1)(G), the disclosure of which is likely to harm that person's

properly designated as Confidential or Highly Confidential. In the event such an application is made, the information shall remain subject to the producer's Confidential or Highly Confidential designation until the Court rules on the dispute. A party's failure to contest a designation of information as Confidential or Highly Confidential is not an admission that the information was properly designated as such.

4. Use and disclosure of Confidential or Highly Confidential Information:

a) Confidential and Highly Confidential information may be used exclusively for purposes of this litigation, subject to the restrictions of this Order.

b) Absent written permission from the producer or further order by the Court, the recipient may not disclose Confidential information to any person other than the following: (i) a party's outside counsel of record, including necessary paralegal, secretarial and clerical personnel assisting such counsel; (ii) a party's in-house counsel, including paralegal, secretarial and clerical personnel assisting such counsel; (iii) a party's officers and employees directly involved in this case whose access to the information is reasonably required to supervise, manage, or participate in this case; (iv) a stenographer and videographer recording testimony concerning the information; (v) subject to the provisions of paragraph 4(d) of this order, experts and consultants and their staff whom a party employs for purposes of this litigation only; and (vi) the Court and personnel assisting the Court, including court-appointed mediators and their staffs.

c) Absent written permission from the producer or further order by the Court, the recipient may not disclose Highly Confidential information to any person other than those identified in paragraph 4(b)(i), (iv), (v), and (vi).

d) A party may not disclose Confidential or Highly Confidential

information to an expert or consultant pursuant to paragraph 4(b) or 4(c) of this order until after the expert or consultant has signed an undertaking in the form of Appendix 1 to this Order. The party obtaining the undertaking must serve it on all other parties within fourteen days after its execution. At least fourteen days before the first disclosure of Confidential or Highly Confidential information to an expert or consultant (or member of their staff), the party proposing to make the disclosure must serve the producer with a written identification of the expert or consultant and a copy of his or her *curriculum vitae*. If the producer has good cause to object to the disclosure (which does not include challenging the qualifications of the expert or consultant), it must serve the party proposing to make the disclosure with a written objection within fourteen days after service of the identification. Unless the parties resolve the dispute within fourteen days after service of the objection, the producer must move the Court promptly for a ruling, and the Confidential or Highly Confidential information may not be disclosed to the expert or consultant without the Court's approval.

e) Notwithstanding paragraph 4(a) and (b), a party may disclose Confidential or Highly Confidential information to: (i) any employee or author of the producer; (ii) any person, no longer affiliated with the producer, who authored the information in whole or in part; and (iii) any person who received the information before this case was filed.

f) A party who wishes to disclose Confidential or Highly Confidential information to a person not authorized under paragraph 4(b) or 4(c) must first make a reasonable attempt to obtain the producer's permission. If the party is unable to obtain permission, it may move the Court to obtain permission.