# Exhibit B

IN THE UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| H.K. and J.C., through their father and legal guardian CLINTON FARWELL, and M.W., through her mother and legal guardian ELIZABETH WHITEHEAD, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Google LLC,<br><br>Defendant. | No. 1:21-cv-01122-SLD-JEH<br><br>Chief Judge Sara L. Darrow<br>Magistrate Judge Jonathan E. Hawley |

**[AGREED] CONFIDENTIALITY ORDER**

The parties to this Agreed Confidentiality Order have agreed to the terms of this Order; accordingly, it is ORDERED:

**1. SCOPE**

All materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning Protected Information as defined below. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

**2. PROTECTED INFORMATION**

As used in this Order, "Protected Information" means information that is (a) defined "Confidential Information" and designated as "CONFIDENTIAL" or (b) defined "Highly

Confidential Information" and designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," including any information copied or extracted therefrom or otherwise reflecting Protected Information in any form.

**3. CONFIDENTIAL INFORMATION**

As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL" by the producing party, or any non-party producing information or material voluntarily or pursuant to a subpoena or court order, that falls within one or more of the following categories: (a) information prohibited from disclosure by statute; (b) research, technical, commercial, marketing, sales or financial information that the party has maintained as confidential; (c) medical information concerning any individual; (d) personal identity information; (e) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or (f) personnel or employment records of a person. Information or documents that are available to the public may not be designated as Confidential Information.

**4. HIGHLY CONFIDENTIAL INFORMATION**

As used in this Order, "Highly Confidential Information" means extremely sensitive information designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by the producing party, or any non-party producing information or material voluntarily or pursuant to a subpoena or court order, the production of which would create a substantial risk of serious harm that could not be avoided by less restrictive means and that falls within one or more of the following categories: (a) sensitive research, technical, commercial, marketing, web traffic, sales or financial information that the party has maintained as confidential; (b) commercially sensitive competitive information, including, without limitation, information obtained from a nonparty pursuant to a current Nondisclosure Agreement ("NDA"); (c) information or data relating to

future products not yet commercially released and/or strategic plans; (d) trade secret, or other confidential research and development information; or (e) commercial agreements, settlement agreements or settlement communications, the disclosure of which is likely to cause harm to the competitive position of the producing party. Information or documents that are available to the public may not be designated as Highly Confidential Information.

**5. DESIGNATION**

Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the designating party must designate for protection only those parts of materials, documents, items, or oral or written communications that qualify so that other portions of the material or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Mass, indiscriminate, or routine designations are prohibited.

a. A party may designate a document as Confidential Information or Highly Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Protected Information. The marking "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be applied prior to or at the time the documents are produced or disclosed. Applying the marking "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

EYES ONLY" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Protected Information are not required to be marked.

b. The designation of a document as Protected Information is a certification by an attorney or a party appearing pro se that the document contains Confidential Information or Highly Confidential Information as defined in this Order.[1]

**6. DEPOSITIONS**

Unless all parties agree on the record at the time the deposition testimony is taken, all deposition testimony taken in this case shall be treated as Highly Confidential Information until the expiration of the following: No later than 21 days after the transcript is delivered to any party or the witness, and in no event later than 45 days after the testimony was given, whichever date is earlier. Within this time period, a party may serve a Notice of Designation to all parties of record as to specific portions of the testimony that are designated Confidential Information or Highly Confidential Information, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order. The failure to serve a timely Notice of

[1] An attorney who reviews the documents and designates them as Protected Information must be admitted to the Bar of at least one state. By designating documents confidential pursuant to this Order, counsel submits to the jurisdiction and sanctions of this Court on the subject matter of the designation.

Designation shall waive any designation of testimony taken in that deposition as Confidential Information or Highly Confidential Information, unless otherwise ordered by the Court.

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Information so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment of Understanding and Agreement to Be Bound" (Attachment A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

## 7. PROTECTION OF AND ACCESS TO PROTECTED INFORMATION

a. **General Protections.** Protected Information shall not be used, disclosed, quoted, summarized, or otherwise employed by the parties, counsel for the parties or any other persons identified in subparagraphs (b) and (c) for any purpose whatsoever other than in this litigation, including any appeal thereof. In a putative class action, Protected Information may be disclosed only to the named plaintiff(s) and not to any other member of the putative class unless and until a class including the putative member has been certified.

b. **Limited Third-Party Disclosures of Confidential Information**. The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in the following subparagraphs (i)-(xii). Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

i. **Outside Counsel of Record**. Outside counsel of record for the parties and employees of outside counsel of record to whom it is reasonably necessary to disclose information for this litigation;

ii. **In-House Counsel.** In-house counsel of any party with responsibility for managing this litigation, who are members of at least one state bar in good standing and supporting personnel employed by the legal department of any party to this litigation;

iii. **Parties**. Individual parties, officers, and employees of a party but only to the extent counsel determines in good faith that such person's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

iv. **Members of the Court and its personnel**;

v. **Court Reporters and Recorders**. Court reporters and recorders engaged for depositions to whom it is reasonably necessary to disclose information for this litigation and who have completed the certification contained in Attachment A, "Acknowledgment of Understanding and Agreement to Be Bound";

vi. **Contractors**. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, contract attorneys, trial and jury consultants, or graphics consultants, including outside vendors hired to process and/or store electronically stored documents to whom disclosure is reasonably necessary for this litigation and who have completed the certification contained in

Attachment A, "Acknowledgment of Understanding and Agreement to Be Bound";

vii. **Consultants, Investigators and Experts** (together defined as a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a party or its counsel of record to serve as a consultant, investigator, or expert witness in this action, (2) is not a current employee of a party or a current employee of a party's competitor nor has been an employee of a party or of a party's competitor in the past 5 years, and (3) at the time of retention, is not anticipated to become an employee of a party or of a party's competitor).[2] Consultants, investigators, or experts employed by counsel of record for the parties, to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, "Acknowledgment of Understanding and Agreement to Be Bound";

viii. **Fact witnesses**. While testifying at deposition or trial in this action only: (i) any person designated by the producing party to provide testimony pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure on the same topics addressed in the Protected Material at issue; and/or (ii) fact witnesses in this action, who are current employees of the producing party, to whom disclosure is reasonably necessary. Both types of witnesses shall complete the certification contained in Attachment A, "Acknowledgment

[2] This definition is not intended to limit a party's ability to object to or challenge an expert disclosed under Federal Rule of Civil Procedure 26.

of Understanding and Agreement to Be Bound" prior to providing testimony. Fact witnesses shall not retain a copy of documents containing Confidential Information, except fact witnesses may receive a copy of all exhibits marked at their depositions solely for the review of the transcripts. The fact witness must return the exhibits to counsel after completing their review of their deposition transcript, or within 30 days of receiving their transcript and exhibits. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order may not be disclosed to anyone except as permitted under this Order;

ix. **Author, recipient or custodian**. The author, recipient, or custodian of the document (not including a person who received the document solely in the course of litigation);

x. **Subject.** Any person whose statements or communications are quoted in the Confidential Information and are not reasonably available from any other source;

xi. **Mediator, arbitrator, or special master.** Any mediator, arbitrator, or special master that the Parties engage in this Action or that this Court appoints provided that they shall first execute an "Acknowledgment of Understanding and Agreement to Be Bound" in the form of Attachment A; and

xii. **Others by Consent**. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

c. **Limited Third-Party Disclosures of Highly Confidential Information**. The parties and counsel for the parties shall not disclose or permit the disclosure of any Highly Confidential Information to any third person or entity except as set forth in the following subparagraphs (i)-(viii). Subject to these requirements, the following categories of persons may be allowed to review Highly Confidential Information:

i. **Outside Counsel of Record**. Outside counsel of record for the parties and employees of outside counsel of record to whom it is reasonably necessary to disclose information for this litigation;

ii. **In-House Counsel.** In-house counsel of any party with responsibility for managing this litigation, who are members of at least one state bar in good standing and supporting personnel employed by the legal department of any party to this litigation;

iii. **Members of the Court and its personnel**;

iv. **Court Reporters and Recorders**. Court reporters and recorders engaged for depositions to whom it is reasonably necessary to disclose information for this litigation and who have completed the certification contained in Attachment A, "Acknowledgment of Understanding and Agreement to Be Bound";

v. **Contractors**. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, contract attorneys, trial and jury consultants, or graphics consultants, including outside vendors hired to process and/or store electronically stored documents to whom disclosure is reasonably necessary for this litigation and who have completed the certification contained in Attachment A, "Acknowledgment of Understanding and Agreement to Be Bound";

vi. **Consultants, Investigators and Experts** (together defined as a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a party or its counsel of record to serve as a consultant, investigator, or expert witness in this action, (2) is not a current employee of a party or a current employee of a party's competitor nor has been an employee of a party or of a party's competitor in the past 5 years, and (3) at the time of retention, is not anticipated to become an employee of a party or of a party's competitor). Consultants, investigators, or experts employed by counsel of record for the parties, subject to the provisions of ¶ 8 herein, to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, "Acknowledgment of Understanding and Agreement to Be Bound";

vii. **Fact witnesses**. While testifying at deposition or trial in this action only: (i) any person designated by the producing party to provide testimony

pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure on the same topics addressed in the Protected Material at issue; and/or (ii) fact witnesses in this action, who are current employees of the producing party, to whom disclosure is reasonably necessary. Both types of witnesses shall complete the certification contained in Attachment A, "Acknowledgment of Understanding and Agreement to Be Bound" prior to providing testimony. Fact witnesses shall not retain a copy of documents containing Confidential Information, except fact witnesses may receive a copy of all exhibits marked at their depositions solely for the review of the transcripts. The fact witness must return the exhibits to counsel after completing their review of their deposition transcript, or within 30 days of receiving their transcript and exhibits. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order may not be disclosed to anyone except as permitted under this Order;

viii. **Author, recipient, or custodian**. The author, recipient, or custodian of the document (not including a person who received the document solely in the course of litigation);

ix. **Mediator, arbitrator, or special master.** Any mediator, arbitrator, or special master that the Parties engage in this Action or that this Court appoints provided that they shall first execute an "Acknowledgment of Understanding and Agreement to Be Bound" in the form of Attachment A; and

x. **Others by Consent or Court Order**. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

d. **Control of Documents**. Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Protected Information. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

e. **Unauthorized Disclosure of Protected Information**. If a receiving party learns that, by inadvertence or otherwise, it has disclosed Protected Information to any person or in any circumstance not authorized under this Order, the receiving party must immediately: (1) notify in writing the producing party of the unauthorized disclosure(s); (2) use its best efforts to retrieve all copies of the Protected Information; (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (4) request that such person or persons execute the "Acknowledgment of Understanding and Agreement to Be Bound," attached hereto as Attachment A. Compliance with this paragraph upon the discovery of an unauthorized disclosure of Protected Information is mandatory and shall not excuse a violation of this Order or exempt a violating party from sanctions pursuant to ¶ 7(f) below.

f. **Violations**. If any party violates the limitations on the use of Protected Information as described above, the party violating this Order may be subject to sanctions at the discretion of  the Court. In the event motion practice is required to

enforce the terms of this Order, the prevailing party on such a motion shall be awarded costs, expenses, and fees, including attorney or other professional fees, incurred in connection with the discovery of the violation and the preparation, filing, and arguing of the motion or any other proceedings resulting from the violation.

**8. PROCEDURES FOR APPROVING OR OBJECTING TO DISCLOSURE OF "CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL - ATTORNEYS EYES' ONLY" INFORMATION TO CONSULTANTS, INVESTIGATORS OR EXPERTS.**

a. A party may not disclose Confidential or Highly Confidential information to an expert, investigator or consultant pursuant to paragraph 7(b)(6)(vii) and 7(c)(5)(vi) of this order until after the expert, investigator or consultant has signed the certification contained in Attachment A, "Acknowledgement of Understanding and Agreement to be Bound."

b. Unless otherwise ordered by the court or agreed to in writing by the designating party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7(c) first must make a written request to the designating party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional

services, including in connection with a litigation, at any time during the preceding five years,[3] and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.[4]

A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY material to the identified Expert unless, within five days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

A Party that receives a timely written objection must meet and confer with the designating party (through direct voice to voice dialogue) to try to resolve the matter by agreement within five days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion may file a motion as provided in as provided in Section VII of Magistrate Judge Hawley's Standing Order seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content

[3] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

[4] It may be appropriate in certain circumstances to restrict the Expert from undertaking certain limited work prior to the termination of the litigation that could foreseeably result in an improper use of the Designating Party's "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information.

of the meet and confer discussions) and setting forth the reasons advanced by the designating party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the receiving party's need to disclose the HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY material to its Expert.

**9. EXAMINATIONS CONCERNING PROTECTED INFORMATION**

Except as may be otherwise ordered by the Court, any person may be examined as a witness at depositions and trial and may testify concerning all Protected Information of which such person has prior personal knowledge. Without in any way limiting the generality of the foregoing:

a. A present director, officer, and/or employee of a producing party may be examined and may testify concerning all Protected Information which has been produced by that party;

b. A former director, officer, agent and/or employee of a producing party may be interviewed, examined and may testify concerning all Protected Information of which he or she has personal knowledge, including any Protected Information that refers to matters of which the witness has personal knowledge, which has been produced by that party and which pertains to the period or periods of his or her employment;

c. Non-parties may be examined or testify concerning any Protected Information of a producing party, which appears on its face or from other documents or testimony to have been received from or communicated to the non-party as a

result of any contact or relationship with the producing party or a representative of the producing party. Any person other than the witness, his or her attorney(s), or any person qualified to receive Protected Information under this Order shall be excluded from the portion of the examination concerning such Protected Information, unless the producing party consents to persons other than qualified recipients being present at the examination. If the witness is represented by an attorney who is not qualified under this Order to receive such Protected Information, then prior to the examination, the attorney must provide a signed agreement, in the form of Attachment A hereto, that he or she will comply with the terms of this Order and maintain the confidentiality of Protected Information disclosed during the course of the examination. In the event that such attorney declines to sign such a statement prior to the examination, the parties, by their attorneys, shall jointly seek a protective order from the Court prohibiting the attorney from disclosing Protected Information;

**10. INADVERTENT FAILURE TO DESIGNATE**

a. An inadvertent failure to designate a document as Confidential Information or Highly Confidential Information does not, standing alone, waive the right to so designate the document; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony. If a party designates a document as Confidential Information or Highly Confidential Information after it was initially produced, an overlay file with the new designations and appropriate metadata shall also be provided.

b. The receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information or Highly Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information or Highly Confidential Information.

**11. FILING OF PROTECTED INFORMATION**

This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file a document designated as Protected Information in connection with a motion, brief or other submission to the Court must comply with Local Rule 5.10.

**12. NO GREATER PROTECTION OF SPECIFIC DOCUMENTS**

Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

**13. CHALLENGES BY A PARTY TO DESIGNATION AS PROTECTED INFORMATION**

The designation of any material or document as Protected Information is subject to challenge by any party. The following procedure shall apply to any such challenge:

a. **Meet and Confer**. A party challenging the designation of Protected Information must do so in good faith and must begin the process by first providing written notice of each designation it is challenging and describing the basis for each challenge and then conferring with counsel for the designating party by telephone

within ten (10) days of the date of service of notice. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within fourteen (14) days after conferring. The challenging party may seek judicial intervention only if it has engaged in this meet and confer process first or establishes that the designating party is unwilling to participate in good faith in the meet and confer process in a timely manner.

b. Judicial Intervention. A party that elects to challenge a confidentiality designation shall file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. Unless a prompt challenge to a Designating Party's confidential designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed. The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the Court rules on the challenge, all parties shall continue to treat the materials as having been properly designated and subject to the terms of this Order.

**14. ACTION BY THE COURT**

Applications to the Court for an order relating to materials or documents designated Protected Information shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

**15. USE OF PROTECTED INFORMATION AT TRIAL**

Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Protected Information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Protected Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

**16. PROTECTED INFORMATION SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

a. If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Protected Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

b. The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition,

the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

c. The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Protected Information in the court from which the subpoena or order issued. If the designating party timely seeks a protective order, the party served with a subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order is issued, unless the party has obtained the designating party's permission. The designating party shall bear the burden and the expense of seeking protection in that court of its Protected Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Protected Information by the other party to this case.

**17. NON-PARTY USE OF THIS CONFIDENTIALITY ORDER**

a. **Purpose**. A non-party producing discovery material voluntarily or pursuant to a subpoena or a court order may designate such discovery material as Confidential Information or Highly Confidential Information pursuant to the terms of this Confidentiality Order.

b. A non-party's use of this Confidentiality Order to protect its Confidential Information or Highly Confidential Information does not entitle that non-party

access to the Protected Information produced by any party or non-party in this case.

**18. NO WAIVER OF PRIVILEGE**

When a Producing Party gives notice to Receiving Parties that certain produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. If information is produced in discovery that is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. This includes a restriction against presenting the information to the court for a determination of the claim unless and until the Court orders in camera review of the documents at issue. In addition, information that contains privileged matter or attorney work product shall be immediately returned if such information appears on its face to have been inadvertently produced.

Any disclosure of communications, information, or documents covered by the attorney-client privilege or work-product protection is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.

This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Accordingly, the provisions of Federal Rule of Evidence 502(b) do not apply, and the disclosing party is not required to satisfy the elements of Rule 502(b) to properly

assert the attorney-client privilege or work-product protection over disclosed communications, information, and documents.

Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of communications, information, or documents for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

**19. OBLIGATIONS ON CONCLUSION OF LITIGATION**

a. **Order Continues in Force**. Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

b. **Obligations at Conclusion of Litigation**. Within sixty-three days after dismissal or entry of final judgment not subject to further appeal, all Protected Information and documents marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under this Order, including copies as defined in ¶ 5(a), shall be returned to the producing party or destroyed unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction to the extent practicable in lieu of return;[5] or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so. Whether the Protected Information is returned or destroyed, the receiving party must submit a written

[5] The parties may choose to agree that the receiving party shall destroy documents containing Protected Information and certify the fact of destruction, and that the receiving party shall not be required to locate, isolate and return e-mails (including attachments to e-mails) that may include Protected Information, or Protected Information contained in deposition transcripts or drafts or final expert reports.

certification to the producing party (and, if not the same person or entity, to the designating party) by the 63-day deadline that (1) identifies (by category, where appropriate) all the Protected Information that was returned or destroyed and (2) affirms that the receiving party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Information.

c. **Retention of Work Product and one set of Filed Documents**. Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) attorney work product, including an index that refers or relates to designated Protected Information so long as that work product does not duplicate verbatim substantial portions of Protected Information, and (2) one complete set of all documents filed with the Court including those filed under seal. Any retained Protected Information shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Protected Information.

d. **Deletion of Documents filed under Seal from Electronic Case Filing (ECF) System**. Filings under seal shall be deleted from the ECF system only upon order of the Court.

**20. ORDER SUBJECT TO MODIFICATION**

This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

**21. NO PRIOR JUDICIAL DETERMINATION**

This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information or Highly Confidential Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

**22. PERSONS BOUND**

This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

**SO ORDERED.**

Dated: ___________________

_______________________________
Hon. Jonathan E. Hawley
U.S. Magistrate Judge