IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| H.K. and J.C., through their father and legal guardian CLINTON FARWELL, and M.W., through her mother and legal guardian ELIZABETH WHITEHEAD, individually and on behalf of all others similarly situated,<br><br>  Plaintiffs,<br><br>v.<br><br>GOOGLE, LLC,<br><br>  Defendant. | Case No. 1:21-cv-01122-SLD-JEH<br><br>Chief Judge Sara L. Darrow<br>Magistrate Judge Jonathan E. Hawley |

**MEMORANDUM OF LAW IN SUPPORT OF JOINT STIPULATION TO REMAND**

168595242.1

**TABLE OF CONTENTS**

                                                                            **Page(s)**

I. INTRODUCTION ...................................................................................................................1

II. BACKGROUND ....................................................................................................................1

III. THE COURT MAY AND SHOULD GRANT THE STIPULATION TO REMAND THIS ACTION ...................................................................................................................................2

    A. District Courts Are Empowered to Grant Stipulations to Remand to Enforce Contracts .2

    B. Considerations of Efficiency also Justify Remand ............................................................5

IV. CONCLUSION .......................................................................................................................7

## TABLE OF AUTHORITIES

**Cases**  Page(s)

*Acaley v. Vimeo, Inc.*,
  1:19-cv-07164 (N.D. Ill. June 6, 2022) ...................................................................... 4, 6

*Bankhead v. Pacesetter Steel Serv., Inc.*,
  1:21-cv-02217 (N.D. Ill. Feb. 4, 2022) ........................................................................... 4

*Carnegie–Mellon University v. Cohill*,
  484 U.S. 343 (1988) ....................................................................................................... 2

*Colorado River Water Conservation District v. United States*,
  424 U.S. 800 (1976) ....................................................................................................... 5

*Devore v. BWW Res., LLC*,
  2022 WL 2354771 (E.D. Cal. June 30, 2022) ................................................................ 3

*Dunn v. SHC Servs., Inc.*,
  No. 1:21-cv-00744, 2021 WL 5371426 (E.D. Cal. Nov. 18, 2021) ................................ 3

*Frank v. Gaos*,
  586 U.S. 485 (2019) ....................................................................................................... 6

*Grove of Peoria, LLC v. Friedman Brokerage Co.*,
  No. 23-cv-2109-JES-JEH, 2023 WL 4745104 (C.D. Ill. July 25, 2023) ........................ 2

*Liebert Corp. v. Mazur*,
  2005 WL 1563202 (N.D. Ill. June 6, 2005) ................................................................ 5, 6

*Marshall v. Kronos, Inc.*,
  1:19-cv-01511 (N.D. Ill. Aug. 17, 2020) ........................................................................ 4

*Miller v. Jerry Erwin Assoc. LLC*,
  1:21-cv-01043-CSB-EIL (C.D. Ill. Oct. 17, 2023) ......................................................... 4

*Miracle-Pond v. Shutterfly, Inc.*,
  1:19-cv-04722 (N.D. Ill. Feb. 19, 2021) ..................................................................... 4, 6

*Nesbitt v. Postmates Inc.*,
  3:15-cv-4052-VC (N.D. Cal. Feb. 22, 2017) .................................................................. 5

*Prelipceanu v. Jumio Corp.*,
  1:19-cv-00561 (N.D. Ill. Dec. 2, 2019) .......................................................................... 5

*Rock Hemp Corp. v. Dunn*,
  574 F. Supp. 3d 624 (W.D. Wis. 2021)..................................................................................3

*Rodriguez v. National Credit Center, LLC*,
  2024 WL 2014246 (D. Nev. May 7, 2024)............................................................................3

*Rothner v. City of Chicago*,
  879 F.2d 1402 (7th Cir. 1989)..................................................................................1, 2, 3, 5

*Sheppard v. Mandalay Bay, LLC*,
  2019 WL 5087482 (D. Nev. Oct. 9, 2019)............................................................................3

*Strange v. MDR Grp., LLC*,
  2020 WL 7587076 (E.D. Cal. Dec. 22, 2020).......................................................................3

*Trejo v. Precision Dialogue Direct, Inc.*,
  1:22-cv-05296 (N.D. Ill. April 14, 2023)..............................................................................5

*Velez v. CoWorx Staffing Servs. LLC*,
  2018 WL 4553552 (C.D. Cal. Sept. 19, 2018)......................................................................3

**Statutes**

28 U.S.C. § 1332(d)......................................................................................................................2

28 U.S.C. § 1447 ..........................................................................................................................2

740 ILCS 15(a) .....................................................................................................................*passim*

740 ILCS 15(b) ......................................................................................................................1, 3, 4

In accordance with the Court's July 24, 2024 Order (the "July 24 Order"), the parties hereby submit this Memorandum of Law in support of their Joint Stipulation to Remand Action to the Circuit Court for the 9th Judicial District of the State of Illinois, County of McDonough (the "Stipulation").

## I.     INTRODUCTION

The Court already remanded Plaintiffs' claims under Section 15(a) of the Illinois Biometric Information Privacy Act ("BIPA"), holding it had no jurisdiction over those claims. ECF No. 45. Accordingly, the only claims in this action that remain in federal court are those asserted under BIPA Section 15(b), relating to BIPA's notice and consent procedures. The parties now wish to resolve all of Plaintiffs' claims—both the 15(a) and the 15(b) claims—through a class action settlement. Pursuant to their settlement agreement, and to avoid any dispute concerning whether the court approving and overseeing that settlement has jurisdiction over all of the claims subject to the settlement, the parties seek a remand to state court for purposes of settlement.

A court may remand a case to state court for reasons provided by statute or by common law. *See Rothner v. City of Chicago*, 879 F.2d 1402, 1416 (7th Cir. 1989). Here, the Court has authority to remand the case to state court both (1) as a matter of contract, to enforce the parties' agreement, and (2) to promote judicial efficiency, given concurrent state jurisdiction and the already-remanded Section 15(a) claim. Indeed, courts routinely remand class actions to state court pursuant to stipulation, including in BIPA cases with circumstances identical to those present here. Accordingly, the parties jointly request that this Court remand Plaintiffs' Section 15(b) claims to state court so that the parties can resolve this matter fully and expeditiously.

## II.     BACKGROUND

Plaintiffs originally filed this case, alleging violations of BIPA Sections 15(a) and 15(b), in the Illinois 9th Judicial District, McDonough County. Soon after, Google timely removed the

- 1 -

entire action under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), to the Central District of Illinois. ECF No. 1.

Following extensive motion practice at the pleadings stage, Plaintiffs moved to sever and remand their claims asserted under BIPA Section 15(a) on the grounds that the Court lacked subject matter jurisdiction over those claims. ECF No. 32. On August 21, 2023, the Court granted Plaintiffs' motion, holding that, "in light of Seventh Circuit precedent . . . , [Plaintiffs] have no standing to bring [their BIPA Section 15(a)] claim because no concrete and particularized injury from that violation has been alleged." ECF No. 45 at 9.

Following discovery and months of protracted settlement negotiations, on July 23, 2024, the parties submitted a stipulation notifying the Court that they had reached a settlement to resolve all claims. ECF No. 55. Since this Court no longer retained jurisdiction over one of the claims subject to the settlement, the parties additionally requested the Court to remand the action to state court for purposes of settlement, pursuant to their agreement. *Id.*

### III. THE COURT MAY AND SHOULD GRANT THE STIPULATION TO REMAND THIS ACTION

#### A. District Courts Are Empowered to Grant Stipulations to Remand to Enforce Contracts

District courts are vested with the power to remand both from statute (*i.e.*, 28 U.S.C. § 1447) and from the common law. *See Rothner v. City of Chicago*, 879 F.2d 1402, 1416 (7th Cir. 1989) ("As we know from *Carnegie–Mellon* [*University v. Cohill*, 484 U.S. 343 (1988)], § 1447(c) does not contain all of the permissible grounds for remand. Courts often supplement statutory rules with judge-made rules."). *Id.* Thus, "[i]n the context of removal, courts have applied contract principles to enforce forum-selection clauses and thus remand on non-statutory grounds." *Id.*; *see also Grove of Peoria, LLC v. Friedman Brokerage Co.*, No. 23-cv-2109-JES-JEH, 2023 WL 4745104, at *3-*4 (C.D. Ill. July 25, 2023) (remanding action because removal violated forum

selection clause in parties' agreement; citing *Rothner* in support); *Rock Hemp Corp. v. Dunn*, 574 F. Supp. 3d 624, 630 (W.D. Wis. 2021) ("[*Rothner*] went on to stress that district courts retain authority under the common law to remand cases on grounds such as waiver, a forum-selection clause, or abstention.").

Enforcement of contract principles includes "routinely grant[ing] requests to remand for settlement purposes." *Rodriguez v. National Credit Center, LLC*, 2024 WL 2014246, at *2 (D. Nev. May 7, 2024); *see also Sheppard v. Mandalay Bay, LLC*, 2019 WL 5087482, at *1 (D. Nev. Oct. 9, 2019) (granting parties' stipulation to remand, after parties had reached a settlement agreement, "to facilitate and advance the settlement process"); *Devore v. BWW Res., LLC*, 2022 WL 2354771, at *1 (E.D. Cal. June 30, 2022) (granting parties' stipulation to remand "for settlement purposes and settlement approval purposes only"); *Dunn v. SHC Servs., Inc.*, No. 1:21-cv-00744, 2021 WL 5371426, at *1 (E.D. Cal. Nov. 18, 2021) (granting "Stipulation to remand this Action to state court for the purposes of settlement only"); *Strange v. MDR Grp., LLC*, 2020 WL 7587076, at *1 (E.D. Cal. Dec. 22, 2020) (granting parties' stipulation to remand, following a class action settlement, for settlement purposes only where the parties "agreed that the settlement is more appropriately resolved in the Superior Court of California, County of Sacramento").

Here, the parties have agreed by contract to resolve both Plaintiffs' BIPA Section 15(a) and 15(b) claims through a class settlement, and have chosen the Illinois 9th Judicial District, McDonough County as the exclusive forum in which to seek approval of the settlement. *See* ECF No. 55. Under these circumstances, the Court has discretion to remand Plaintiffs' BIPA Section 15(a) claims to state court for purposes of that settlement. *See, e.g.*, *Velez v. CoWorx Staffing Servs. LLC*, 2018 WL 4553552, at *1 (C.D. Cal. Sept. 19, 2018) (granting parties' stipulation to remand lawsuit "for purposes of settlement approval and administration").

Indeed, in cases where BIPA claims are at issue, Illinois federal courts routinely grant

- 3 -

stipulations to remand to allow Illinois state courts to evaluate and oversee class action settlements. Such remand orders are common in several circumstances, all of which favor remanding the action here.

- First, Illinois federal courts have remanded BIPA actions to state court upon stipulation of the parties where, as here, a related BIPA Section 15(a) claim already was pending in state court. *See, e.g.*, *Marshall v. Kronos, Inc.*, 1:19-cv-01511, ECF No. 51-52 (N.D. Ill. Aug. 17, 2020) (remanding all BIPA claims pursuant to stipulation following remand of § 15(a) claim).

- Second, Illinois federal courts have remanded BIPA actions where a BIPA Section 15(a) claim remained in federal court (along with a Section 15(b) claim), to avoid any dispute as to federal jurisdiction over the settlement of that claim. *See, e.g.*, *Miller v. Jerry Erwin Assoc. LLC*, 1:21-cv-01043-CSB-EIL, ECF No. 21-22 (C.D. Ill. Oct. 17, 2023) (remanding action for settlement of BIPA claims because of jurisdictional issues concerning § 15(a) claim); *Miracle-Pond v. Shutterfly, Inc.*, 1:19-cv-04722, ECF Nos. 95-96 (N.D. Ill. Feb. 19, 2021) (remanding action for settlement of BIPA claims because of jurisdictional issues concerning § 15(a) claim); *Acaley v. Vimeo, Inc.*, 1:19-cv-07164, ECF No. 69-70 (N.D. Ill. June 6, 2022) (remanding BIPA action to effect settlement "where there is no uncertainty regarding the Circuit Court's jurisdiction over all claims alleged in the Action"); *Bankhead v. Pacesetter Steel Serv., Inc.*, 1:21-cv-02217, ECF No. 31-32 (N.D. Ill. Feb. 4, 2022) (remanding action for settlement of BIPA claims involving a § 15(a) claim).

- Finally, Illinois federal courts have granted stipulations to remand BIPA actions to state court solely on the basis of the parties' contractual agreement to effectuate a

settlement in state court. *See, e.g.*, *Trejo v. Precision Dialogue Direct, Inc.*, 1:22-cv-05296, ECF Nos. 34-35 (N.D. Ill. April 14, 2023) (remanding BIPA action pursuant to stipulation); *Prelipceanu v. Jumio Corp.*, 1:19-cv-00561, ECF. No. 45-46 (N.D. Ill. Dec. 2, 2019) (remanding case for settlement where "the Parties' settlement contemplates effectuation of the settlement in the Circuit Court of Cook County, Illinois, where the Action was originally commenced").

Conversely, the parties did not identify any cases in which BIPA litigants jointly sought to remand a removed BIPA action from federal to state court for purposes of settlement and were denied such relief.

Thus, granting the parties' stipulation and remanding this matter for settlement is in line with Seventh Circuit precedent and with Illinois district court practice concerning BIPA claims.

**B.    Considerations of Efficiency also Justify Remand**

In addition to contract principles, the Seventh Circuit has held that "the values of judicial economy, fairness, convenience, and comity justify supplementation of statutory rules with common law doctrines" with respect to the issue of remand. *Rothner*, 879 F.2d at 1416 ("The authority for such remands derives not from the removal statutes but from the common law."); *see also Liebert Corp. v. Mazur*, 2005 WL 1563202, at *3 (N.D. Ill. June 6, 2005) ("The majority view will be followed that when adequate grounds for abstention exist, including *Colorado River* abstention, the remand of a removed case is appropriate.").

Thus, in *Nesbitt v. Postmates Inc.*, the court granted a stipulation to remand for settlement approval purposes, where the parties explained that they "wish[ed] to endeavor, for the efficiency of the Parties, the Court, and putative class members to limit, to the extent possible and practicable, the potential for protracted litigation as to whether Plaintiffs have Article III standing to pursue their claims, and as to whether this Court could validly approve their settlement." Case No. 3:15-

cv-4052-VC, ECF No. 68 (N.D. Cal. Feb. 22, 2017). The same rationale has justified remand in BIPA cases involving 15(a) claims. *See Miracle-Pond*, 1:19-cv-04722, ECF Nos. 95-96; *Acaley*, 1:19-cv-07164, ECF Nos. 69-70 (remanding BIPA action to effect settlement "where there is no uncertainty regarding the Circuit Court's jurisdiction over all claims alleged in the Action").

The Court should reach the same conclusion here, for similar reasons. Here, the parties have requested that this matter be remanded to the Circuit Court of McDonough County to allow that court to evaluate the settlement—and potential release—of all BIPA claims asserted by Plaintiffs in this case. And, having determined that it lacks jurisdiction over Plaintiffs' Section 15(a) claim, the parties wish to avoid any dispute regarding whether this Court can approve a settlement that releases that claim. *See, e.g.*, *Frank v. Gaos*, 586 U.S. 485, 492 (2019) (suggesting that a court could not approve a proposed class action settlement if it lacked jurisdiction over the dispute because no plaintiff had Article III standing). The Circuit Court of McDonough County, on the other hand, has jurisdiction over all claims covered by the settlement agreement and, therefore, confronts no potential barrier to approving the entire settlement. Thus, remand would promote judicial economy and efficiency in a case involving state court jurisdiction. *Cf. Liebert*, No. 05-C-2069, 2005 WL 1563202, at *3 (N.D. Ill., June 6, 2005) (remanding case based on abstention considerations given concurrent litigation in state court).

The Parties thus respectfully request that the Court grant the Stipulation in order for one court to preside over a single settlement that would release all of Plaintiffs' claims, including those for which this Court lacks jurisdiction.

## IV. CONCLUSION

For all the reasons set forth above, the Court is fully empowered to remand the entire action to the Circuit Court of McDonough County, and the parties respectfully request that the Court do so.

DATED: August 14, 2024

By: s/ *Theodore W. Maya*
Robert R. Ahdoot
Tina Wolfson
Theodore W. Maya
**AHDOOT & WOLFSON, PC**
2600 W. Olive Avenue, Suite 500
Burbank, CA 91505
(310) 474-9111
rahdoot@ahdootwolfson.com
twolfson@ahdootwolfson.com
tmaya@ahdootwolfson.com

Scott A. Bursor
Joseph I. Marchese
Joshua D. Arisohn
Philip L. Fraietta
**BURSOR & FISHER, P.A.**
888 Seventh Avenue
New York, NY 10019
Tel: (646) 837-7150
Fax: (212) 989-9163
E-Mail: scott@bursor.com
jmarchese@bursor.com
jarisohn@bursor.com
pfraietta@bursor.com

Frank S. Hedin
David W. Hall
**HEDIN HALL LLP**
1395 Brickell Avenue, Suite 1140
Miami, Florida 33131
Tel: (305) 357-2107
Fax: (305) 200-8801
E-mail: fhedin@hedinhall.com
dhall@hedinhall.com

Andrew Stuckart
**LUCIE, BOUGHER & ASSOCIATES,**
**Attorneys at Law, P.C.**
202 N. Lafayette St.
Macomb, IL 61455
Ph.: (309) 833-1702
Fx.: (309) 833-1701
andrew@lucielaw.com

Respectfully Submitted,

By: s/ *Nicola Menaldo*
Nicola Menaldo
**PERKINS COIE LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Email: NMenaldo@perkinscoie.com

Kathleen A. Stetsko
**PERKINS COIE LLP**
110 North Wacker Drive, 34th Floor
Chicago, IL 60606-1511
Telephone: 312.324.8400
Email: KStetsko@perkinscoie.com

Bobbie Wilson, Lead Counsel
Sunita Bali
Elliott Joh
**PERKINS COIE LLP**
505 Howard St., Suite 100
San Francisco, CA 94015-3204
Telephone: 415.344.7000
Email: BWilson@perkinscoie.com
Email: SBali@perkinscoie.com
Email: EJoh@perkinscoie.com

- 9 -

## ATTESTATION OF FILER

I hereby attest that all signatories above have reviewed and concur with the filing of this document.

| | |
|---|---|
| Dated: August 14, 2024 | *s/ Theodore W. Maya*<br>Theodore W. Maya |